BROWN v. THE COVENANT MUTUAL LIFE INSURANCE COMPANY, *Appellant.*

1. **Instruction.**  An instruction should not be given where there is no evidence to authorize it.

2. **Bankruptcy, Discharge in.**  A discharge in bankruptcy is not collaterally assailable.

*Appeal from Lewis Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

REVERSED.

*M. F. Taylor* for appellant.

(1)  In making an objection to the introduction of evidence, specific grour  of objection must be assigned. *Primm v. Raboteau,* 56 Mo. 412.    (2)  Parol evidence is admissible for the purpose of explaining ambiguities in the wording of a written instrument.    *State v. Linthicum,* 68 Mo. 66 ; *Franklin Av. Ger. Sav. Ass'n v. Town of Roscow,* 75 Mo. 412 ; *Carpenter v. Jamison, Id.* 295 ; *People v. Brennan,* 30 Mich. 463.    (3)  It is error to refuse an instruction when there is material, competent evidence in support of it, and it is equally erroneous to

give an instruction, when there is no evidence to support it. (4) It was error to refuse appellant's instruction asked on the counter claim, because, to constitute a good plea in bar, a discharge in bankruptcy must have been obtained without fraud, and the creditor was entitled to some notice, so as to give him his day in court. *Batchelor v. Low*, 43 Vt. 662 ; *Barnes v. Moor*, 2 B. C. 474 ; *Burnside v. Brigham*, 8 Met. 75 ; *In re Needham*, 1 Low, 309 ; *Payne & Bro. v. Able*, 7 Bush 347 ; *Thornton v. Hogan*, 63 Mo. 144. Every bankrupt or insolvent system in the world must partake of the character of a judicial proceeding. Parties whose rights are to be affected are entitled to a hearing. *Ogden v. Saunders*, 12 Wheat. 366 ; *Day v. Bardwell et al.*, 97 Mass. 250. To be a good bar the discharge must have been obtained in a proceeding where there was publication of notice. *Koats et al. v. Hayes*, 71 N. C. 109. It does not follow because the act provides a mode by which the discharge may be set aside that its invalidity can be shown in no other way. *Beardsley v. Hall*, 36 Conn. 277. It is not intended by any provision of the act that this court in bankruptcy shall pass in a plenary way upon the question as to whether a particular debt is discharged. That question must be determined by the court in which the debt is sued on, and the discharge pleaded. *In re Kimball*, 2 Bank. Reg. 207. See, also, *In re Rosenberg, Id.* 238 ; *In re Wright, Id.* 142.

*Anderson & Schofield* for respondent.

(1) The Supreme Court will not inquire into the correctness of the action of the trial court in ruling on the evidence, unless the questions thereon be raised in the motion for a new trial. *Hulett v. Nugent*, 71 Mo. 131 ; *Carver v. Thornhill*, 53 Mo. 283 ; *Cowen v. Railroad*, 48 Mo. 556. (2) Appellant's instruction number two was inconsistent with itself, and was, therefore,

rightly refused. *Seymour v. Seymour*, 67 Mo. 303. (3) A defect of parties must be taken advantage of by demurrer, or answer, or the objection is waived. It cannot be reached by instruction. 1 R. S., sec. 3519 ; *Horstkotte v. Menier et al.*, 50 Mo. 158 ; *Kellogg v. Malin*, 62 Mo. 429 ; *Rickey et al. v. Tenbroeck*, 63 Mo. 563. (4) The court committed no error in refusing to permit appellant to prove it had no notice of the bankruptcy. Nor was it error to give respondent's and refuse appellant's instruction on his counter claim. A discharge in bankruptcy is final and conclusive, and is not reviewable in a state court. Bump on Bankruptcy (10 Ed.) 286 and 287, and cases cited in note; *Reed v. Vaughn*, 15 Mo. 137 ; *Thornton v. Hogan*, 63 Mo. 143. Respondent being a resident of the eastern district of Missouri, the court had jurisdiction over him, and having jurisdiction, it proceeded to adjudge him a bankrupt and to grant him a discharge. R. S., U. S., sec. 5014. And such certificate of discharge is conclusive evidence of the fact and regularity of the discharge. R. S., U. S., sec. 5119. Appellant cannot be heard in a state court to allege anything against its validity, at least as to an ordinary indebtedness ; and certainly it cannot be heard to say it was without notice of the proceeding, or that their debt was not scheduled. *Thornton v. Hogan*, 63 Mo. 143 ; *Shelton v. Pease*, 10 Mo. 474; *Reed v. Vaughn*, 15 Mo. 137; *Bank v. Olcott*, 46 N. Y. 12 ; Bump on Bankruptcy (10 Ed.) 286 and 287. The validity of a discharge under the United States bankrupt act, cannot be contested in a state court for a fraudulent omission. *Black v. Blazo*, 117 Mass. 17.

BLACK, J.—The defendant leased to the plaintiff a farm for two years, from March 10, 1880, upon certain terms. Defendant reserved the right to sell the place, and plaintiff agreed to yield up possession on payment of a fair compensation for possession. The defendant notified plaintiff that the land was about to be sold, and on

the twenty-fifth of May, 1881, by letter, notified him that the land had been sold, and also stated : "We have written to Mr. Abbott to see you, and settle with you." Defendant also wrote Abbott, giving him authority to settle with Brown. Plaintiff and Abbott met, and made a settlement, by which the plaintiff was allowed seven hundred dollars for immediate possession, to recover which this suit was instituted. The letters from defendant to Brown and to Abbott, gave the latter ample power to settle, and that, too, without submitting the same to defendant for ratification. The evidence tended strongly to show that an unconditional settlement was made. Abbott's testimony was, however, to the effect that they had some trouble in adjusting the matters, and that the amount agreed upon was to be submitted to defendant for ratification, before the settlement should become final. That the settlement was made upon the condition that the company approved it.

1. The court, of its own motion, gave an instruction to the effect that if it was understood that the settlement should be approved by defendant before the amount should be paid, then the finding should be for defendant, unless the jury should find that the settlement was thereafter ratified by the defendant. The vice of this instruction is that there was no evidence whatever of a ratification. On the contrary, the evidence is that the defendant repudiated the settlement, and continued to do so. The instruction given at the request of plaintiff, and the one given by the court, omitting the qualification as to the ratification, would present the whole case fairly to the jury. It was error to give the instruction with the qualification.

2. The discharge in bankruptcy, pleaded by plaintiff to the defendant's set-off, was a complete defence. The evidence offered by defendant, to the effect that it had no notice of the proceeding in bankruptcy, was properly excluded. The discharge read in evidence was

conclusive. The regularity of the proceedings by which the discharge was procured cannot be inquired into collaterally. Bump on Bankruptcy (10 Ed.) 286 ; *Thornton v. Hogan*, 63 Mo. 143.

There is no merit, whatever, in the other questions presented by the appellant. But, for the error before mentioned, the judgment is reversed, and the cause remanded for new trial. All concur.