# Sweetser v. Shorter.

*Action of Assumpsit.*

1. *Landlord and tenant; ratification of acts of agent.*—In an action by a landlord against a third party for money received as the proceeds of crops delivered to him by a tenant, with knowledge of the tenant's indebtedness for a balance of rent, it appeared that the landlord had an agent in control and management of the rented premises and the collection of the rents, who contracted with said tenant for the construction of several houses on the premises, agreeing to allow credit on the rent for the work; that after the houses were built the

premises were sold by the agent, and the purchaser required to pay the value of the houses in addition to the purchase price; and that the landlord accepted the benefits of the transaction. *Held*: That the fact of the agent having made such contract with said tenant is admissible in evidence, and that having ratified the agent's act, the landlord was bound to allow credit for the work so performed, and was not entitled to recover the value of the crop sold.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. W. FOSTER.

This was an action for money had and received, brought by the appellant, J. H. Sweetser, against the appellee, Eli S. Shorter.

The cause was tried upon the plea of the general issue. It was shown by the evidence that P. B. McKenzie had charge of, and acted as the general agent of the plaintiff, Sweetser, in the management of, a certain plantation in Barbour county, Alabama; that McKenzie had been so in charge of and managing said plantation for Sweetser for several years, and that as such agent he made contracts from year to year for the rent of said plantation; that he collected and sold the cotton received for the rent, and had general charge of said plantation for the plaintiff.          The evidence for the plaintiff tended to show that in the year 1895 P. B. McKenzie, as such agent for the plaintiff Sweetser, rented part of said plantation to one Eli Shorter, colored, taking therefor his rent note; that said Eli Shorter, during the fall of 1895, delivered to the defendant Eli S. Shorter, who was conducting a cotton warehouse in the city of Eufaula, 26 or 28 bales of cotton, which were raised by the tenant Shorter on the part of the plaintiff's plantation rented to him by P. B. McKenzie. That said defendant, E. S. Shorter at the time of receiving said cotton, had notice of the relation of landlord and tenant existing between the plaintiff and Eli Shorter, colored, and that said defendant had sold the 26 or 28 bales of cotton delivered to him by Eli Shorter and had received the purchase price thereof, and that there was a large sum still due the plaintiff from Eli Shorter for the rent of said land during the year 1895.

During the examination of Eli Shorter, the tenant, as

a witness, he testified that in December, 1895, P. B. Mc-
Kenzie told him that he, witness, owed a balance of 3 or
4 bales of cotton, on the rent for 1895; and that the wit-
ness and McKenzie then agreed that if witness would
build four tenant houses on said rented land during the
winter of 1895-96, the material to be furnished by said
McKenzie, that the building of said houses would be
taken in full satisfaction of the balance due from witness
for rent. The plaintiff moved to exclude this testimony,
on the ground that it was not shown that the agent, Mc-
Kenzie, had any authority to make said contract, and
because the evidence was illegal and irrelevant. The
court overruled the motion and the plaintiff duly ex-
cepted. The witness further testified that McKenzie
showed him where to build the houses; and the houses
were built by him as agreed upon and were finished in
January, 1896.

The defendant as a witness in his own behalf, and
other witnesses for the defendant, testified that P. B.
McKenzie stated in the winter of 1895 that Eli Shorter,
colored, had paid all of the rent for that year, except 3
or 4 bales of cotton, and that he had contracted with him
to put up three or four houses, to be erected on said
lands, and were to be accepted in full satisfaction for the
balance of said rent.

It was also shown by the evidence introduced by the
defendant that the plantation owned by the plaintiff was
purchased by Foy Brothers in February, 1896; that this
sale was made by the plaintiff through McKenzie, who
was acting as plaintiff's agent, and that McKenzie re-
quired Foy Brothers to pay the cost of said houses,
which were erected on the lands purchased in the win-
ter of 1895-96, in addition to the purchase price, which
had been agreed on.

Upon the return of a verdict in favor of the defend-
ant, the plaintiff moved the court for a new trial, upon
the grounds that the verdict was contrary to the law and
the evidence; and was contrary to the charge of the
court; and that the court erred in admitting the testi-
mony of Eli Shorter as to the settlement of the rent for
1895. This motion was overruled, and the plaintiff duly
excepted.

From a judgment in favor of the defendant, the plaintiff appeals, and assigns as error the ruling of the court in admitting the evidence of the witness Eli Shorter against the objection and exception of the plaintiff, and the overruling of the motion for a new trial.

S. H. Dent, Jr., and P. B. McKenzie, for appellant. An agent, whether general or special, has no authority to accept in payment of his principal's demand anything except cash or the thing called for by the contract. The acts and declarations of an agent can not be received in evidence without independent proof of his authority to so act or declare. The evidence of the contract between McKenzie, the agent, and Shorter, the tenant of appellant, was admissible.—*Wailes v. Neal,* 65 Ala. 59; *Ferguson v. Morris,* 67 Ala. 389.

The extent of the powers of an agent when the agency is created in parol, is a question of fact only when the evidence is in conflict, or different ineferences may be fairly and reasonably drawn therefrom.—*Buist v. Guice,* 96 Ala. 255 and cases cited.

The declarations of the agent McKenzie alleged to have been made to appellee can not operate as an estoppel. 1st. Because he is not shown to have had authority to make such declarations. 2d. Because the appellee is not shown to have acted to his prejudice by reason of such declarations, nor indeed could he have been prejudiced. To constitute an estoppel *in pais* by reason of some representation, the party invoking it must show that he credited it as true and that a valuable thing was parted with, credit given or liability incurred by reason of it .—3 Brick. Dig. 448, § 31.

A new trial should be granted if the preponderance of the evidence is greatly against the verdict, even though the testimony is conflicting.—*Birmingham &c. Co. v. Clay,* 108 Ala. 233; *Terst & Sons v. O'Neal,* 108 Ala. 250; *Western R. Co. vs. Mutch,* 97 Ala. 194.

G. L. Comer, *contra.*—The evidence of said agreement made in 1895, between said McKenzie and said Shorter, colored, tenant, by which said tenant agreed to build and did build certain tenant houses on said plantation in

full payment of balance due by said tenant for rent of 1895, was clearly competent. And if said rent was thus paid in full, then Sweetser had no lien upon the cotton received by appellee. As to acts and declarations of McKenzie, see *Louisville Coffin Co. v. Stokes,* 78 Ala. 375; *Tenn. R. T. Co. v. Kavanaugh Bros.,* 101 Ala. 1; *Montgomery F. Co. v. Hathaway,* 104 Ala. 115; *Wheeler v. McGuire,* 86 Ala. 398; *Gibson v. Snow H. Co.,* 94 Ala. 346.

As to new trial see *Cobb v. Malone,* 92 Ala. 630; *White v. Blair,* 95 Ala. 147; *Bank v. Eureka,* 108 Ala. 89; *Davis v. Miller,* 109 Ala. 589.

TYSON, J.—The general rule is that one who deals with an agent is bound to inquire and ascertain the nature and extent of his authority, but in the application of this principle a clear distinction is recognized by the decisions of this court between a special agency, which must be strictly pursued, and a general agency which confers authority on the agent to transact the business in the usual and customary mode, and is measured by the scope and character of the business intrusted to the agent. A general agent may exceed his authority and yet the principal may be bound by the acts and contracts of the agent. By his appointment the principal is regarded as saying to the public that he has full authority to transact the business which he has in charge in the usual and customary way in which such business is conducted.—*Louisville Coffin Co. v. Stokes,* 78 Ala. 372; *Witcher v. Brewer,* 49 Ala. 119; *Tenn. Riv. Trans. Co. v. Kavanaugh Bros.,* 101 Ala. 1; *Montgomery Furniture Co. v. Hardaway,* 104 Ala. 100; *Wheeler v. McGuire, Scroggins & Co.,* 86 Ala. 398; *Gibson v. Snow Hardware Co.,* 94 Ala. 346. Where, however, an agent exceeds his authority, the principal will be held bound by his contract if, with a full knowledge of the facts, he ratifies it.—*Tenn Riv. Trans. Co. v. Kavanaugh Bros., supra.;* 3 Brick. Dig., p. 20. And he will be held to a ratification of every act of performance necessarily growing out of the contract where he ratifies or adopts the act of his agent as to any act of performance under

the contract concomitant with the one he seeks to repudiate.

An application of these general principles to the facts of the case under consideration, which were without dispute, will disclose that the general affirmative charge might have been given for the defendant by the lower court. McKenzie was the general agent for the plaintiff from 1891 to 1896 for the purpose of renting out his lands, taking the tenants' rent notes and collecting the rents during these years, and "had general charge in looking after said lands for plaintiff." That during the winter of 1895-96 he made a contract with Eli Shorter, colored, who was one of the tenants living upon the lands and with whom he had made verbal contracts during some of these years, and from whom he had collected rents as agent of the plaintiff, to perform the necessary labor in the construction of four tenant houses on this land at $20 each. This money was to be allowed Eli as a credit upon his rental contract for the year 1895. That McKenzie, as agent of the plaintiff, agreed with Eli to and did furnish the lumber and other material used by him in the construction of these houses; and that as such agent, in January or February, 1896, sold the lands to Foy Bros. and required them to pay him for plaintiff, between $200 and $300 as the value of the houses built by Eli, in addition to the purchase price of the lands. Certainly, from these facts, we are authorized to reasonably infer that the plaintiff in an accounting with his agent knew that the material furnished by McKenzie was for the erection of tenant houses upon the lands and was bound to know that McKenzie's occupation was not such as that he would do the labor necessary in their erection. Indeed, this is the only reasonable inference that can be drawn. And again when McKenzie accounted to the plaintiff for the additional sum paid to him by Foy Bros. as the value of these houses, the conclusion cannot be escaped that he was accepting the benefits of a transaction which involved the labor of some one bestowed upon them in their construction.

It may be said that the record contains no direct evidence of any accounting between the plaintiff and his agent McKenzie. The proof of this fact is not dependent

upon the positive testimony of a witness, in the absence of any proof negativing it, as a resort to the common knowledge of business methods and the lapse of time intervening between the sale of the lands, which the proof shows to be valuable and worth a considerable sum of money, and the bringing of this suit, establishes at least a *prima facie* presumption of its existence.

The jury under these facts could not have arrived at any other verdict consonant with justice and fair dealing. There is no error in the record, and the judgment is affirmed.

Affirmed.