## A. A. FIDER v. J. A. MANNHEIM.

December 12, 1899.

Nos. 11,774—(148).

### Discharge in Bankruptcy.

Section 17 of the U. S. Bankruptcy Act of 1898 provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

### Transfer of Debt—Original Creditor Named in Schedule.

Before defendant was adjudged a bankrupt he knew that the note here in suit had been transferred to plaintiff, but notwithstanding scheduled the note as held by the original payee, and no notice was given plaintiff in the bankruptcy proceedings.

### Knowledge of Bankruptcy Proceeding.

But *held*, the evidence is conclusive that plaintiff had actual knowledge of such proceedings in time to prove his claim and have it allowed, and therefore the court did not err in holding that the note was barred by the subsequent discharge in bankruptcy and in ordering a verdict for defendant.

Action in the municipal court of Duluth to recover $126 and interest upon a promissory note. The case was tried before Edson, J., and a jury, and at the conclusion of the testimony the court granted defendant's motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Austin N. McGindley,* for appellant.

*Pealer & Fesler,* for respondent.

CANTY, J.

This is an action on a promissory note. The answer pleads a discharge in bankruptcy. On the trial the court ordered a dismissal

of the action, and plaintiff appeals from an order denying a new trial.   In 1895, defendant executed the note to the Homestead Building & Loan Association for $130.   In October, 1898, the association transferred the note to plaintiff, and it being due, he demanded payment of the same from defendant.   A few days afterwards, to-wit, on October 13, 1898, defendant was on his own petition adjudged a bankrupt by the United States district court in and for the district of Minnesota.   About this time defendant paid plaintiff four dollars on the note.   Defendant listed his debt in the bankruptcy proceedings as being held and owned by the loan association, and notice was given to it of the application for a discharge; but plaintiff was never listed as a creditor and no notice was given to him in the bankruptcy proceedings.   Defendant was, by the judgment of that court entered on May 9, 1899, discharged from all his provable debts, and this discharge is pleaded in bar in the answer herein.

Section 17 of the bankruptcy law of 1898 (30 Stat. [U. S.] c. 541) provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as   *   *   *   (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

If it were not for the provision of the statute, the judgment of discharge would be conclusive on plaintiff whether he had notice or not.   See In re Archenbrown, Fed. Cas. No. 504; Lamb v. Brown, Fed. Cas. No. 8,011; Brown v. Covenant, 86 Mo. 51.

The evidence is conclusive that before defendant filed his petition in bankruptcy he knew that plaintiff was the owner and holder of the note.   But in our opinion the evidence is also conclusive that early in November, 1898, plaintiff knew that defendant had gone into bankruptcy and had not then been discharged.   Plaintiff admitted repeatedly in his own testimony given on the trial that he was informed of the fact early in November by defendant and others.   The evidence is conclusive that plaintiff had such knowledge.   He also had ample time thereafter in which to prove his claim if he desired to do so and have it allowed, as the judgment of

discharge was not entered until the following May.    Then the trial court did not err in ordering a dismissal.

Order affirmed.