GERTRUDE L. LONGFIELD v. MINNESOTA SAVINGS BANK and Others.[1]

May 26, 1905.

Nos. 14,366—(104).

**Discharge in Bankruptcy.**

The creditors of an insolvent corporation brought an action against it and its stockholders to determine and enforce their liability to them. Judgment was entered therein determining who the creditors were and the respective liability of the stockholders to them, and designating a receiver to collect and enforce on their behalf such liability, and for that purpose it was adjudged that he recover in the action from each stockholder the amount of his adjudged liability and have execution therefor. Thereafter one of the stockholders was discharged from his debts in bankruptcy, but in his schedule of creditors he named the creditors for whose benefit the judgment was rendered, and not the receiver.

*Held*, that his actual creditors were named in the schedule, and that his discharge released him from liability on the judgment.

In an action by plaintiff in the district court for Ramsey county under chapter 76, G. S. 1894, to enforce the statutory liability of the stockholders of Minnesota Savings Bank, judgment for $1,000 was entered against defendant Harry T. Smith in favor of Charles H. Taylor, as receiver of the bank. Thereafter defendant Smith filed a voluntary petition in bankruptcy and a schedule of his debts, naming as his creditors plaintiff Longfield and the other creditors of the Savings Bank, for whose benefit the judgment was given, but not naming Taylor, the receiver. Defendant received his discharge in due course. Thereafter, the receiver having instituted proceedings to collect the judgment, defendant Smith filed a petition reciting the facts. and moved to restrain the proceedings. From an order, Bunn, J., denying the motion, defendant appealed. Reversed and remanded with instructions.

*Dodge, McElwee & Dodge,* for appellant.

*James E. Trask,* for respondent.

1. Reported in 103 N. W. 706.

START, C. J.

Appeal from an order of the district court of the county of Ramsey denying the petition of the appellant to restrain an attempt to enforce a judgment against him on the ground that it has been discharged by his release in bankruptcy.

Whether the order was right or wrong depends on the question whether in the bankruptcy proceedings the judgment was properly scheduled with the name of the judgment creditor. The undisputed facts are these: The appellant, Harry T. Smith, was the owner of twenty shares of the capital stock of the Minnesota Savings Bank, an insolvent corporation, of the par value of $1,000. Gertrude L. Longfield, a creditor of the bank, instituted a suit, wherein she was plaintiff, in the district court of the county of Ramsey, against the bank and its stockholders, to enforce their stock liability for the benefit of herself and all other creditors of the bank. Such proceedings were had in the action that judgment was entered therein on July 3, 1903, wherein and whereby it was adjudged that the plaintiff in the action and nineteen other creditors therein named recover from the bank the amount set opposite their respective names, and, further, that the defendant stockholders, including the appellant herein, were liable in the action to the creditors therein named to the amount of the par value of the shares of stock owned by each and set opposite the name of each. The amount set opposite to the name of the appellant was $1,000. The judgment further provided "that Charles H. Taylor, heretofore appointed an officer of this court under the designation of 'receiver' for that purpose, is hereby authorized and directed, as such officer or receiver, on behalf of said claimants, to collect and enforce payment of said liability of said defendant stockholders, and to disburse and distribute the amounts collected and paid thereon, under the order of this court"; and that for such purpose he recover in this action from each of the defendant stockholders the amount set opposite the names of each, and that judgments hereby rendered against each defendant be docketed and executions issued thereon. The receiver was never substituted as plaintiff in the action. After the recovery of this judgment, and on February 9, 1904, the appellant instituted proceedings in voluntary bankruptcy, and received his discharge therein August 15, 1904. The judgment against him as such stockholder was his only

liability, and in his schedule of creditors he named as his creditors the plaintiff in the action in which the judgment was rendered, and the other nineteen creditors therein named. The nature and consideration of the claim against him was described in his schedule as follows, namely:

> Judgment of district court of Ramsey county, Minnesota, rendered, filed and docketed on July 3, 1903, in an action in which said Gertrude L. Longfield was plaintiff and the Minnesota Savings Bank of St. Paul and this petitioner and others were defendants. Action brought to enforce liability of this petitioner as the owner and holder of 20 shares of the stock of said bank, of the par value of $1,000.

No mention of the name of the receiver was made in the schedule, nor any statement of his connection with the judgment. The residences of the different claimants named in the schedule, with one exception, were given as unknown.

A discharge in bankruptcy does not relieve the bankrupt from liability for a provable debt which was not scheduled with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. Bankr. Act July 1, 1898, c. 541, § 17, 30 St. 550 [U. S. Comp. St. 1901, 3428] ; Fider v. Mannheim, 78 Minn. 309, 81 N. W. 2 ; 5 Cyc. 404. Was the debt here in question scheduled in the name of the creditor within the meaning of this rule? It is a close question, but we are of the opinion that it must be answered in the affirmative. The debt was certainly scheduled in the name of the actual creditors, including the plaintiff in the action wherein the judgment was entered, to whom it was adjudged and determined the appellant was liable on account of the ownership of stock in the corporation. Again, the receiver has no interest in the judgment, for he was designated as receiver simply as a matter of convenience to collect from the stockholders the several sums due from them to the real creditors and divide the net amount thereof among them pro rata. While it would have been cautious practice to have named the receiver with the real creditors in the schedule, yet to hold that because this was not done the bankrupt was not released from the

judgment, would seem to be a too strict construction of the law requiring the name of the creditor of the bankrupt to be given in his schedule.

It is suggested that the plaintiff in the action and the other parties named in the schedule were not creditors of the bankrupt, but of the corporation. Whence did the receiver get his right to collect the judgments against the stockholders? From the corporation, or from its creditors? When the judgment determined who the creditors of the stockholders were, the amount of their respective claims, and the liability of the respective stockholders to them, such creditors became in fact the creditors of the stockholders. To hold that the receiver was the creditor would be to give effect to the form of the judgment, and not to its substance.

We hold that the judgment against the appellant was properly described in his schedule, and the owners thereof correctly named therein. Other questions raised by respondent are without merit.

It follows that the order appealed from must be reversed, and the case remanded with direction to the district court to grant the petition of appellant. So ordered.