PERRY NAVAL STORES COMPANY, A CORPORATION, *Appellant*, v. L. M. CASWELL, AND W. M. BEATY, *Appellees*.

1. Where a creditor of a bankrupt has notice or actual knowledge of the bankruptcy proceedings in time to prove his claim in due course, the claim will be discharged by the bankruptcy proceedings even though the creditor was not designated as a creditor in the bankruptcy proceedings and his claim was not scheduled.

2. The knowledge acquired by the president, directors, cashier and tellers while engaged in the business of the bank in their official capacities, will be notice to the bank. So far as either has authority to act for the bank, his acts are the acts of the bank; but mere private information obtained beyond the range of his official functions will not be deemed notice to the bank.

3. Where the cashier of a bank as such has actual knowledge of bankruptcy proceedings as to property of a debtor of the

bank, such knowledge will bind the bank in its rights affected by the bankruptcy proceedings.

Appealed from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for Appellant;

*Hendry & McKinnon,* for Appellees.

WHITFIELD, C. J.—The appellees brought proceedings in equity in the Circuit Court for Taylor County for the cancellation of a judgment rendered against them in favor of the Taylor County State Bank and assigned to the appellant. As a ground for this relief it is alleged that after the rendering of the judgment the appellees were adjudged bankrupts and in due course were discharged of all their liabilities in the bankruptcy court, and that the Taylor County State Bank was the holder and owner of the judgment at the time of the said discharge in bankruptcy of appellees. Such proceedings were had that the following statement of facts was filed by agreement:

"1.   That the Taylor County State Bank obtained a judgment against the complainants on the 23rd day of January, 1908, upon the default theretofore entered against complainants in a certain civil action upon promissory note for the amount alleged in complainant's bill.

2.   That the complainants filed their petition in bankruptcy on February 21, 1908; that the original note upon which said judgment was obtained was scheduled in said petition as a liability, said schedule showing that C. A. Owens, the original payee of said note, was the creditor;

that said judgment was not scheduled as a liability, nor was said Taylor County State Bank therein designated as a creditor.

3.   That W. B. Davis was a director of the said Taylor County State Bank upon the 21st day of February, 1908, and until Jan. 1st, 1909, and that said Davis was one of the creditors named in said petition in bankruptcy, and that he had due notice of the filing of the petition of complainants, and knew all of the said proceedings, including the complainants' application for discharge pursuant to the adjudication in bankruptcy.

4.   That W. A. Hendry was from the 21st day of February, 1908, to the 1st day of January, 1909, the cashier of said Taylor County State Bank in liquidation; that he was duly authorized by the board of directors to collect liabilities due said bank.

5.   That the said W. A. Hendry had a general knowledge of said bankruptcy proceedings in behalf of complainants from about the time of the filing of complainants' said petition, and that about the month of October, 1908, the complainant, W. M. Beaty, stated to W. A. Hendry, that the business of Caswell and Beaty, the complainants, was then in process of adjudication in the bankruptcy court, and that such being the case the judgment which the said Taylor County State Bank then held against the complainants could not be paid as they were seeking by their said petition in bankruptcy to have all their liabilities discharged.

6.   That the complainants obtained their discharge in bankruptcy on the 30th day of December, 1908; that there were no dividends paid to the creditors, there being no available assets.

7.   That the Taylor County State Bank did not file or

make application to file its said claim against bankrupts, the complainants herein.

8.    That in the latter part of 1908, when the bank was about to sell said judgment to D. G. Malloy, J. H. Malloy and J. H. Scales, counsel for the Taylor County State Bank advised J. H. Scales that said judgment was valid because the bank had not been scheduled as a creditor and the bank had had no notice of the bankruptcy proceedings and that such advice was acquiesced in by the directors then present.

9.    That J. T. Blair was from the 21st day of February, 1908, to January 1st, 1909, the President of the said Taylor County State Bank, and that he did not have any notice of the bankruptcy proceedings of Caswell & Beaty as he now remembers, and that it was some time after said proceedings had been instituted, and possibly after the discharge had been granted before said Blair knew that such proceedings had been instituted, and that said J. T. Blair believes that the said bank never had any notice of said proceedings.

10.    That the directors of said Taylor County State Bank during the year of 1908 were J. T. Blair, J. H. Scales, E. J. Courtney, W. A. Hendry, W. B. Davis, J. H. Courtney and J. R. Kelly."

On final hearing the court granted the relief prayed and the defendant appealed.

The bill of complaint was not demurred to, and as it appears to be sufficient in its allegations to warrant the relief prayed if borne out by the facts, the criticisms of the pleading will be passed and the agreed statement of facts considered in determining whether the decree is erroneous.

Section 17 of the Bankrupt Law of 1898 provides that "A discharge in Bankruptcy shall release a bankrupt from

all of his provable debts, except such as ........................... have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy ............................"

It appears that the judgment held by the Taylor County State Bank was not scheduled as a liability and the bank was not designated as a creditor in the bankruptcy proceedings; but if the bank had notice or actual knowledge of the bankruptcy proceedings in time to prove its claim in due course, the judgment is discharged by virtue of the bankruptcy proceedings. Fider v. Mannheim, 78 Minn. 309, 81 N. W. Rep. 2; Morrison v. Vaughan, 119 App. Div. (N. Y.) 184, 104 N. Y. Supp. 169, 18 A. B. R. 704.

The actual knowledge of the proceedings contemplated by the Section, is a knowledge in time to avail a creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of his share of the dividends if any are to be declared. See Birkett v. Columbia Bank, 195 U. S. 345, 25 Sup. Ct. Rep. 38.

In this case the cashier, who was also director, and other directors of the bank, had actual knowledge of the bankruptcy proceedings in time for the bank to have an equal opportunity with the other creditors. If the knowledge of these officers of the bank is imputable to the bank, it had notice or actual knowledge of the proceedings in bankruptcy as contemplated by the act, and as it did not have its judgment proved with the claims of other cred-

itors, the bankrupts are discharged from their liability to pay the judgment and it should be cancelled.

The knowledge acquired by the President, directors, cashier and tellers while engaged in the business of the bank in their official capacities, will be notice to the bank. So far as either has authority to act for the bank, his acts are the acts of the bank; but mere private information obtained beyond the range of his official functions will not be deemed notice to the bank. I Bolles on Banking, p. 404; Casco Nat. Bank of Portland v. Clark, 139 N. Y. 307, 34 N. E. Rep. 908.

It appears by the agreed statement of facts that W. A. Hendry was cashier of the bank during the entire bankruptcy proceedings; that he was duly authorized to collect the liabilities of the bank; that he had actual knowledge of the bankruptcy proceedings from the filing of the petition therein; and that at least two months before the discharge of the bankrupts, he was told by one of the petitioners in bankruptcy that the business of the bankrupts was then in process of adjudication in the bankruptcy court, and that the judgment obtained by the bank could not be paid as the bankrupts were seeking to have all their liabilities discharged. Notwithstanding this actual knowledge by the cashier of the bank who had authority to act for it, the bank did not file or make application to file its claim. Independent of the actual knowledge of the bankruptcy proceedings had by other directors of the bank, as shown by the agreed facts, the actual knowledge of the cashier who was also a director, was, under the circumstances shown, sufficient to impute notice to the bank.

This being so, the bank "had actual knowledge of the proceedings in bankruptcy" and the judgment was dis-

charged by the discharge of the bankrupts in the bankruptcy proceedings.

The decree is affirmed.

Taylor, Shackleford, Cockrell, and Hocker, J. J., concur.