(78 South. 869)

### BASS v. GREEN & YATES et al.
#### (7 Div. 934.)

(Supreme Court of Alabama.    April 18, 1918.)

1. SALES ⬗191—"CASH PURCHASE."
Purchases are "cash purchases," and not on credit, though a check is provisionally accepted by the seller in lieu of money.
[Ed. Note.—For other definitions, see Words and Phrases, Cash Purchase.]

2. PRINCIPAL AND AGENT ⬗106—PURCHASES FOR CASH—DEPOSIT AND CHECK.
An agent equipped and instructed to buy for cash may, consistently with instructions, deposit the money and check it as expended.

3. PRINCIPAL AND AGENT ⬗116(1)—GENERAL AGENT—SECRET INSTRUCTIONS.
A principal is bound by acts of general agent usual and customary in the conduct of the business, notwithstanding secret instructions to act otherwise.

4. PRINCIPAL AND AGENT ⬗120(1)—GENERAL AGENT—CONTRACT AUTHORITY.
Contract between principal and general agent as to mode of payment by agent for purchases made by him, not being known by one of whom agent buys, is not admissible to restrict agent's authority.

5. APPEAL AND ERROR ⬗1058(1)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
Defendant cannot complain of exclusion of contract; he being allowed to fully describe it.

Appeal from Circuit Court, Randolph County; Thomas W. Wert, Judge.

Action by Green & Yates and others against Eldred C. Bass. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

John W. Overton, of Wedowee, and Buford F. Boykin, of Douglasville, Ga., for appellant. H. T. Burns, of Wedowee, for appellees.

SOMERVILLE, J. Plaintiffs sue defendant for the price of poultry and produce sold and delivered to defendant's agent, one Johnson, who was duly employed by defendant to buy the articles for him. Johnson paid for the stuff by giving to plaintiffs his personal check on a bank, but the check was not honored, and hence this suit.

[1, 2] The defense offered is that defendant supplied Johnson with the money with which to pay for all of his purchases on defendant's account, and instructed him to pay in cash; hence, it is insisted, the purchases were made on credit, in excess of Johnson's authority, and are not binding on defendant although he received and used the goods.

It is a fallacy, however, to say that Johnson's purchases were made on credit. They were, in fact, cash purchases, notwithstanding a check was provisionally accepted by the seller in lieu of money. Nor is it apparent why an agent who is equipped and instructed to buy for cash may not, consistently with such an instruction, deposit his principal's money in a bank, and check it out as it may be expended. This is certainly the safest and most usual way of doing business.

[3] Moreover, Johnson was not a special agent charged with the performance of a single act of agency. On the contrary, he was a general agent for the purchase of poultry and produce, and authorized to buy at his discretion.

"The general rule is that one who deals with an agent is bound to inquire and ascertain the nature and extent of his authority, but in the application of this principle a clear distinction is recognized * * * between a special agency, which must be strictly pursued, and a general agency which confers authority on the agent to transact the business in the usual and customary mode, and is measured by the scope and character of the business intrusted to the agent. A general agent may exceed his authority, and yet the principal may be bound by the acts and contracts of the agent. By his appointment the principal is regarded as saying to the public that he has full authority to transact the business which he has in charge in the usual and customary way in which such business is conducted." Sweetser v. Shorter, 123 Ala. 518, 522, 26 South. 298; 11 Michie's Digest, p. 69.

So, in Louisville Coffin Co. v. Stokes, 78 Ala. 372, 375, it was pertinently said:

"If the agent does no more than is natural and customary in managing and transacting such business, any private limitations and instructions will not affect the rights of third persons, to whom they are not communicated. If, in transacting the undertaker's business, it is usual to purchase goods on a credit, secret instructions to purchase for cash only will not avail to prevent the separate estate of Mrs. Stokes from being charged with debts so contracted."

In such cases "the principal is the party that trusts, and not the person who contracts with the agent." Waring v. Henry, 30 Ala. 721.

The instructions refused to defendant did not correctly state the law of the case, and were properly refused.

[4, 5] So the written contract between defendant and his agent Johnson, the terms of which were unknown to plaintiffs, was not admissible for the purpose of restricting Johnson's authority as to the mode of his payments for purchases. But, in any case, defendant could not complain of this, since he was allowed to fully describe his contract to the jury.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.