## HARRY GUREWITZ *vs.* SAM WISE.

### Androscoggin.    Opinion April 13, 1923.

*A confirmation of a composition under the Bankrupt Act releases the bankrupt*
*from all provable debts scheduled in time for proof and allowance, or if not*
*scheduled, if creditor has notice or actual knowledge of the pro-*
*ceedings in bankruptcy, in time to avail him of the bene-*
*fits of the law.*

Under the Bankrupt Act the confirmation of a composition discharges the bankrupt from his debts other than those agreed to be paid by the composition and those not affected by the discharge.

A discharge releases the bankrupt from all his provable debts—except such as have not been duly scheduled in time for proof and allowance—unless such creditor has notice or actual knowledge of the proceedings in bankruptcy.

Actual knowledge of the proceedings contemplated by this section is a knowledge in time to avail a creditor of the benefits of the law, in time to give him an equal opportunity with other creditors; not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends.

Plaintiff's actual knowledge in the case at bar came to him in ample season to protect his rights and to give him an equal opportunity with other creditors.

On exceptions. An action of assumpsit upon two promissory notes of one hundred dollars each, which the defendant had agreed to pay by a written contract. The plaintiff, Harry Gurewitz, and his brother, L. S. Gurewitz, were the joint makers of the notes. The defendant failed to pay the notes in accordance with the written contract, and the plaintiff finally was required to pay them, and brings this action to recover money paid to the use of defendant. The defense set up was composition in bankruptcy. Plaintiff contended that he did not have such actual knowledge of the bankruptcy proceedings as is required by the Bankrupt Act, and the presiding Justice ruled in favor of the plaintiff and defendant excepted. Exceptions overruled.

The case is fully stated in the opinion.

*Pulsifer & Ludden,* for plaintiff.

*Benjamin L. Berman and Jacob H. Berman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J.    This is an action of assumpsit upon two promissory notes of $100 each made jointly by the plaintiff and his brother, but which the defendant by written contract had agreed to pay. The defendant failed to meet his obligation and the plaintiff, having paid the amount due, brought this action for money paid to the use of the defendant.

The defense is bankruptcy, to which the plaintiff replies that his claim was not barred thereby because he was not listed as a creditor and had no seasonable knowledge of the proceedings.

The dates are important.    From the bill of exceptions it appears that the defendant's undertaking matured November 19, 1920. On January 25, 1921, an involuntary petition in bankruptcy was filed against the defendant.    On January 26, 1921, he filed his schedules and the case was referred to the Referee pending the action of creditors upon the defendant's intended offer of composition before adjudication.    Through inadvertence the plaintiff's name was not included in the list of creditors.    On February 12, 1921, at a special meeting of the creditors held before the Referee the defendant made a composition offer of 25 per cent.    At an adjourned meeting held on February 14, 1921, this offer was accepted in writing by a majority of the participating creditors in  number and amount.    On February 15, 1921, the defendant filed a petition for confirmation of the offer of composition upon which notice was ordered returnable February 26, 1921, and notices thereof were mailed to all scheduled creditors.    On February 26, 1921, after full hearing, an order of confirmation was entered by the District Court, and distribution ordered.

The presiding Justice before whom the pending cause was tried without a jury, found as a fact that the plaintiff had actual knowledge of the bankruptcy proceedings on February 16, 1921, and as early as February 24, 1921 had actual knowledge that the defendant had made the composition offer and was then advised to file his proof of debt as declared upon in the writ and to participate in the composition settlement.    These findings of fact by the presiding Justice are not reviewable.

It was the claim of the defendant that the plaintiff had actual and seasonable knowledge of the bankruptcy proceedings and that his debt was therefore barred. The presiding Justice held, however, that the plaintiff did not have such actual knowledge as is required by the United States Bankruptcy Laws in order for the plaintiff's debt to be barred, and rendered judgment for the plaintiff. The case is before this court on exceptions to this ruling.

The governing provisions of the Bankrupt Act are these: ."The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the composition and those not affected by a discharge." Bankruptcy Act of 1898, Chap. 3, Sec. 14, Sub. C. U. S. Comp. St., Sec. 9598. What debts then are not affected by a discharge?

"A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as . . . (3) have not been duly scheduled in time for proof and allowance . . . unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." U. S. Comp. St., Sec. 9601. It is clear therefore that the plaintiff's claim is barred by the confirmation of the composition if he had such actual knowledge of the proceedings as the statute contemplates.

What is meant by the term actual knowledge, and at what point of time in the proceedings must the creditor be shown to have possessed it?

This has been defined by the Supreme Court of the United States in these words: "Actual knowledge of the proceedings contemplated by this section is a knowledge in time to avail a creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends." *Birkett* v. *Columbia Bank*, 195 U. S., 345, adopted in Collier on Bankruptcy, 12 Ed., 1921, Page 443; *Reynolds* v. *Whittemore*, 99 Maine, 111. The object of the mailed notices provided for in the Bankrupt Act is to protect the rights of creditors. If they have actual knowledge of the proceedings in time to do this, equal protection is afforded them.

Plaintiff's actual knowledge in the case at bar came to him in ample season to protect his rights. It is not necessary that he have knowledge at the very beginning of the proceedings, so that he may

vote for trustee and take part in every succeeding step. *Davis* v. *Findley*, 78 So., 869. "The fact that plaintiff did not have an opportunity to vote for a trustee would not alter the case for in considering the relative amount of plaintiff's claim as against the size of the estate and number of creditors his loss of the right to act in the selection of a trustee cannot be considered as a very material deprivation of any of his rights. He received notice in time to have participated in all the material proceedings and to have secured his proportional share of the estate." *Morrison* v. *Vaughn*, 18 A. B. R., 707, 104 N. Y., Supp., 109.

Applying the same reasoning to the pending case, we find that the offer of composition was accepted in writing by the requisite majority of the scheduled creditors on February 15, 1916. Twenty-five creditors out of thirty-three, with claims amounting to $6,153.17 out of a total of $8,258.17, joined in the written acceptance. Whether the plaintiff with his claim of $200.00 joined in that acceptance or not would have made no difference in the composition proceedings. They would have gone on to consummation just the same. He had actual knowledge of the bankruptcy proceedings on February 16, the next day after the written acceptance was filed. On February 24, he had actual knowledge of the composition offer and was advised to file his proof of debt and participate in the compromise settlement. That was two days before the hearing on confirmation in the District Court and therefore he had ample opportunity to take part therein and file objections if any he had, or he could file his proof and participate in the settlement. He could have secured his proportional share of the estate and his legal rights would have received the same protection as those of every other creditor. That is all the statute requires. He is entitled to nothing more, and having failed to act when he could, he cannot now be heard to contest the bankruptcy bar. *Fider* v. *Mannheim*, 78 Minn. 309; *Perry Naval Stores Co.* v. *Caswell*, 63 Fla., 552, 57 So., 660; *Armstrong* v. *Sweeney*, 73 Neb., 775, 103 N. W., 436.

This rule carries out both the letter and the spirit of the Bankruptcy Act, the equal distribution of assets among those entitled thereto.

*Exceptions sustained.*