GEORGE H. BESSETTE *vs.* THOMAS PETRUCCI.

MARCH 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. This is an action in assumpsit which was brought in December, 1927, on a promissory note for $400, dated November 8, 1923, made by the defendant and payable to plaintiff on demand. The defendant pleaded the general issue and a discharge in bankruptcy. After a jury trial and verdict for the plaintiff, the defendant's petition for a new trial was denied. The case is in this court on several exceptions of the defendant.

The only exception necessary to consider is the third, which is to the refusal of the trial justice to charge the jury as requested, that "If the jury find that the Plaintiff had actual knowledge of the bankruptcy proceedings against the Defendant its verdict should be for the Defendant."

The plaintiff and the defendant were the only witnesses at the trial. The facts relevant to the third exception are uncontradicted. Plaintiff was the president of a wholesale meat and supply company. Defendant was indebted to

the company and this note was given for his indebtedness. An involuntary petition in bankruptcy was filed against defendant December 8, 1923; he was duly adjudged a bankrupt and the discharge of the bankrupt was issued from the United States District Court, District of Rhode Island, April 7, 1924. Soon after the commencement of bankruptcy proceedings, the creditors of defendant on the invitation of the plaintiff met in plaintiff's office. Defendant there made a statement of his debts and gave the names of his creditors. Plaintiff assisted in preparing a schedule of the debts and the creditors but did not include his own claim in said schedule. Later at a creditor's meeting plaintiff stated to the referee that he had a claim against defendant but refused to file it, as he said, "for reasons of his own."

At the trial the record of discharge of the bankrupt was presented in evidence. The trial justice ruled that this discharge was not a defence to the action because plaintiff had not been listed as a creditor in the schedule. This ruling was erroneous. The defendant's third exception to the refusal to charge the jury as requested is sustained.

Section 17 of the National Bankruptcy Act of 1898 (U. S. Code Annotated Title II, Sec. 35) provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

In *Stellwagen* v. *Clum*, 245 U. S. 605, the court stated that the Federal system of bankruptcy was designed not only to distribute the property of the debtor fairly and equally among his creditors but as a main purpose of the act to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character, after the property which he owned at the time of the bankruptcy has been administered for the benefit of creditors.

A discharge in bankruptcy releases the bankrupt from all debts provable against his estate which existed on the day the petition was filed except such as are by the Bankruptcy Act of 1898 excepted from discharge in bankruptcy. Under Section 17 of the National Bankruptcy Act debts of the bankrupt though not scheduled are discharged by the discharge in bankruptcy if the creditor had notice or actual knowledge of the proceedings in bankruptcy. A written notice need not be served upon the creditor but actual knowledge in time to give the creditor an equal opportunity with other creditors is sufficient. Collier on Bankruptcy (13th ed.) pp. 627, 632; *Birkett* v. *Columbia Bank*, 195 U. S. 345; *Brooks* v. *Pitts et al.*, 24 Ga. App. 386; *Morrison* v. *Vaughan*, 119 App. Div. Rep. (N. Y.) 184; *Morency* v. *Landry*, 79 N. H. 305; *Gurewitz* v. *Wise*, 122 Me. 444; *Bass* v. *Green et al.*, 201 Ala. 515; *Bank of Rothville* v. *Zaleuke*, 295 S. W. (Mo.) 520; *Hill et al* v. *Smith*, 260 U. S. 592.

In the case at bar, although plaintiff's. debt was not scheduled, plaintiff had actual notice of the bankruptcy proceedings in ample time to have proved his debt and consequently said debt is now discharged by defendant's discharge in bankruptcy.

The plaintiff may appear on April 6, 1931, at ten o'clock a. m., and show cause, if any there be, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Charles S. Slocum*, for plaintiff.

*Thomas P. Corcoran, Charles E. Mangan*, for defendant.