FELD LUMBER COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-REPONDENT, v. THEODORE BORNSTEIN, DEFENDANT-APPELLANT.

Submitted May 4, 1937—Decided June 25, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Harry Phillipson* and *William Phillipson.*

For the defendant-appellant, *Frank Cozzoline* and *Aristo Dallavalle.*

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment for plaintiff on an award by the judge of the First District Court of the city of Newark, sitting without a jury, in an action for goods sold and delivered.

Subsequent to the date of the last sale sued upon defendant filed his petition in bankruptcy. In due season, and before the present suit was instituted, he obtained his discharge. He proved the discharge at the trial below and contends that thereupon the burden was on the plaintiff to prove that the latter did not have notice or actual knowledge of the bankruptcy proceedings in time to give it an equal opportunity to file its claim with other creditors. It was admitted, however, by or on behalf of defendant, that he had not listed the claim in the bankruptcy schedule, that he had knowingly caused the

omission because he considered that the debt was not his and that he had caused no notice to be sent to the plaintiff. The question on this point is whether, with an admitted purposeful omission on the part of the bankrupt to list the claim or to send a notice, it was necessary for the plaintiff to carry the burden of proving that it did not have actual knowledge, in season, of the bankruptcy. Defendant-appellant argues for the affirmative and relies largely upon *Kreitlein* v. *Ferger*, 238 *U. S.* 21; 50 *L. Ed.* 1184; *Claflin* v. *Wolff*, 88 *N. J. L.* 308, and *City Hall Building and Loan Association* v. *Star Corp.*, 110 *Id.* 570. In all of these cases, however, the claim sued upon was, either admittedly or as construed by the court, listed in the bankruptcy schedules. The statutory provision is that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy * * *." (Section 17 of the Bankruptcy act; Code, Title Bankruptcy, section 35.)

We find nothing in the statute or in either of the mentioned cases to indicate that a bankruptcy may, with knowledge, fail to list a claim and to send notice to a creditor and then, by producing his discharge in bankruptcy, lay upon the creditor the burden of proving that the latter was not adversely affected. Indeed the Kreitlein case says that "the authorities, however, differ as to whether under section 17 (3) the burden is on the plaintiff to show that he had no notice, or on the bankrupt to show that the creditor had notice in time to have proved his claim and had it allowed" and finds it unnecessary "to discuss that mooted point." 1 *Collier on Bankruptcy* (13*th ed.*) 632, *et seq.*, observes with respect to the Kreitlein case that "it may be doubted whether the court in such case intended to lay down the rule that where a schedule omitted the creditor's name, the burden rests upon the plaintiff to show that he had no notice," and with respect to the statute, *supra*, that "it is clear also that

where the failure to schedule the actual owner of the debt was intentional, such debt will not be discharged unless there was actual notice." *Bessette* v. *Petrucci,* 51 *R. I.* 287; 154 *Atl. Rep.* 121, and *First National Bank* v. *Bamforth,* 90 *Vt.* 75; 96 *Atl. Rep.* 600, cited by appellant, do not bear upon the question of burden of proof. It was said by Mr. Justice McKenna in *Birkett* v. *Columbia Bank,* 195 *U. S.* 345; 49 *L. Ed.* 231:

"That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it—to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding, without penalty to him. It is easy to see what results such looseness would permit—what preference could be accomplished and covered by it."

The better rule, certainly where the debtor has knowingly refrained from listing a claim, is that the burden of proving that the creditor had timely notice or actual knowledge of the proceedings in bankruptcy is on the debtor, notwithstanding the latter's discharge in bankruptcy. *Parker* v. *Murphy,* 215 *Mass.* 72; 102 *N. E. Rep.* 85; *Barnes* v. *Silveus et al.* (*Pa.*), 173 *Atl. Rep.* 837.

Appellant next mentions the amount of the judgment. The point seems to be that the court made an overcalculation of the interest. But appellant makes no presentation of what a correct calculation would show and does not bring to us sufficient facts to permit an intelligent review. The matter could easily have been called to the attention of the trial court so that either the mistake, if such it be, could be corrected or that we might have the facts thereon certified for our study. Further, there is no specification on the appeal to support that point. We find no reversible error in the specifications of determinations which were filed in so far as they are argued in the appellant's brief.

Judgment below will be affirmed.